IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | Case No. C-1-01-680 |
| | : | |
| Plaintiff, | ) | Judge Weber |
| | : | Magistrate Judge Hogan |
| vs. | ) | |
| | : | |
| PRUDENTIAL INSURANCE CO., | ) | PLAINTIFF'S MEMORANDUM IN |
| | : | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR SUMMARY JUDGMENT[1] |

The thrust of defendant's motion for "summary judgment" (sic) and supporting memorandum is that: (i) ERISA does not permit declaratory relief; (ii) the Administrative Record does not establish that Mr. Jeffries' illness is one that is permanent; and (iii) the Administrative Record does not provide evidence that the defendant pays disability claims without continuing proof of disability. Each of these arguments fails.

### A. *The Law Expressly Entitles Mr. Jeffries To a Declaration Of His Right To Benefits Under The Plan.*

Mr. Jeffries' Complaint seeks, and the Employee Retirement Income Security Act of 1974 ("ERISA") allows for, a declaration of his right to long term disability benefits and his rights under the Plan into the future. (*See Complaint, Doc. 1, ¶ 48 and Section 502(a)(1)(B) of ERISA*).

Earlier in this action, the Magistrate Judge correctly determined that: "Section 502(a)(1)(B) of ERISA provides a civil cause of action for a plan participant to . . . enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C.

---

[1] It is presumed that since Fed. R. Civ. P. 56 is not the proper vehicle for the resolution of an ERISA administrative review, the defendant improperly couched their motion as a motion for summary judgment under Rule 56.

1

§1132(a)(1)(B)." (*Doc. 29*). It is a wonder that defendant continues to erroneously and repeatedly assert that there is no legal basis for Mr. Jeffries' requested declaration. There is a clear legal basis for the requested relief. ERISA relief can be "administered through a declaratory judgment of entitlement to benefits or any injunction against a plan administrator's improper refusal to pay benefits." ***Pilot Life Ins. Co. v. Dedeaux***, 481 U.S. 41, 53 (1987). ERISA explicitly provides for the relief Mr. Jeffries seeks. *(Doc. 29, p. 4)*.

Defendant's argument on this point fails.

### B. *The Administrative Record Establishes That Mr. Jeffries' Disabling Illness Is One That Is Expected To Be Permanent*.

Defendant next argues that the Administrative Record does not provide a basis for the determination that Mr. Jeffries' illness will be long-standing. This too is meritless.

There are hundreds of pages of medical records, articles, and even a textbook in the Administrative Record, which defendant acquired from Mr. Jeffries, his physicians, and DMS. Three months after defendant forced Mr. Jeffries to proceed with this action [and on the basis of the very information available to defendant when it denied Mr. Jeffries' claim for benefits (the "Claim") (June 1, 1999), denied the First Appeal (February 29, 2000), denied the Second Appeal (October 30, 2000), and is legally deemed to have denied the Third Appeal (October 3, 2001)], the defendant determined that Mr. Jeffries has been "totally disabled" within the meaning of the Policy for the entire period September 1998 through January 2002.

Since that time, by its payment of monthly benefits without reservation, the defendant has further conceded that Mr. Jeffries' illness has disabled him from working for the entire period September 1998 to September 30, 2003. Obviously there is satisfactory evidence and basis to

support the declaration that Mr. Jeffries' illness is one of long-standing.

Defendant's concessions and determinations and its payment of benefits are proper since the Administrative Record contains opinions of Mr. Jeffries' treating physicians, who include nationally renown experts in the relevant areas, who unanimously affirm that Mr. Jeffries is "Totally Disabled."[2]

Because the Administrative Record overwhelmingly shows that Mr. Jeffries' disability is one that will last for the balance of his working life (age 67), he is entitled to a Declaration that he is entitled to benefits until such time.

    **C.**    ***The Defendant Pays Benefits Without Requiring Continuing Proof Of Loss.***

Throughout the administrative review process, the defendant treated Mr. Jeffries' Claim with bias and denied him due process. Evidence of defendant's abusive tactics, include:

- Denying Mr. Jeffries' Claim without having Mr. Jeffries or his records examined by an independent physician;

- Denying Mr. Jeffries' Claim and his appeals by applying an incorrect standard for "totally disabled;"

- Making no effort whatsoever to examine the voluminous information Mr. Jeffries supplied with his 2nd and 3rd Appeals on June 2, 2000, and August 1, 2001. The Administrative Record (specifically the SOAP Notes - *AR 00406-00410* - and the phone logs - *AR 00022–00025*) show no review or analysis by

---

[2] Among other opinions, and in summary, Dr. Poser of the Harvard Medical School gives Mr. Jeffries a "guarded" diagnosis with the "prospects for recovery and return to gainful employment [as] quite dismal." *(AR 02399).* Dr. Hyde found that Mr. Jeffries "is disabled for the foreseeable future" *(AR 02328)* and has "suffer[ed] a downward spiral of his health which led to his permanent departure from work in September 1998." Dr. Bastien, a neuropsychologist determined that "Mr. Jeffries could not work in any job in the national economy for which he has reasonable training and experience and certainly could not work in his previous occupation as a result of his complex medical problems, abnormal brain scans, and neurocognitive evaluation." *(AR 02266).* And Ms. Kathy Baris, an occupational specialist, determined that Mr. Jeffries is "unable to perform the main duties of his Occupation" and his ability to return to his Occupation "would require significant recovery from his current (illness)."

>   defendant; and
>
> - Colluding with another insurer for the sole purpose of denying the Claim.

As detailed in Mr. Jeffries' Merits Brief, throughout the administration of Mr. Jeffries' Claim, the defendant has clearly engaged in a systemic pattern of bad faith: it ignored the medical evidence (including the opinions of its own independent physician); it violated ERISA regulations; and it invaded Mr. Jeffries' privacy.

As allowed to do, Mr. Jeffries focused discovery in this case on bringing forth additional evidence of bias and or lack of due process. During that investigation, through defendant's sworn testimony, Mr. Jeffries established that the defendant does indeed pay benefits to some claimants without requiring continuing proof of loss. Defendant has administered the Plan in such a way the some disabled insureds receive long-term disability benefits without proof of loss, but Mr. Jeffries' Claim was given no such consideration. (*See, Dougherty Depo., Volume II, pp. 49-53*).

As the Court has noted, defendant's "<u>application</u> of the [Policy] are at the heart of plaintiff's request for declaratory relief." *(Doc. 29, p. 8)*(*Emphasis added*). Even defendant recognizes that the issue of Mr. Jeffries' entitlement to an award of future benefits "turns on whether . . . Prudential has required (periodic evidence) of disability . . . from other Plan participants." *(Doc. 38, p. 10)*.

Daniel Dougherty, a Director of defendant, and a decisionmaker at each stage of Mr. Jeffries' Claim and appeal process, testified that:

> Q: "[By plaintiff's counsel] Are there claims where the claimant has been receiving benefits for a period equal to or greater than five years, where you still require monthly proof of disability?
>
> A: [Mr. Dougherty] There could be . . . if somebody has a condition (where) it's clear and evident that there's not a likelihood, but that the person is totally disabled, at present, and there is no likelihood of

>       future improvement, then we would require periodic proof of disability, <u>but we would only request it every couple of years.</u>" (*Dougherty Depo. Volume II, pp. 49-50*).

And in Mr. Jeffries' case no consideration was given to the fact that he had been disabled for years and his doctors' unrebutted reports established that his illness was permanent:

> Q:    "So, no consideration was given to the fact that his doctors suggested it would be permanent. Is that correct?
>
> A:    It wasn't relevant to the determination." (*Id., pp. 53*).

On the basis of Mr. Dougherty's testimony, Mr. Jeffries is entitled to a declaration of future benefits by the Court. Such benefits are provided to others but no consideration for this benefit was given to Mr. Jeffries. And the Administrative Record on this point indisputably shows permanent disability.

## **Conclusion**

While disabled, Mr. Jeffries has fought the defendant for 5 years to receive the basic benefits to which he is entitled under the Policy and to bring defendant's inappropriate conduct to this Court's attention. Given the conceded long-standing 5-year duration of Mr. Jeffries' disabling illness and the unrebutted testimony concerning the permanency of his illness as contained in the Administrative Record, Mr. Jeffries is entitled to an award of future benefits, especially since it is obvious that defendant will continue exercising bad faith (amazingly, the defendant would not even make the effort to file its Administrative Record in this action because it desired to shield the Administrative Record from the Court).

The Court should sustain plaintiff's Motion For Judgment and deny defendant's competing motion for "summary judgment."

                                        Respectfully submitted,

Dated:   September 3, 2003          _____

                                        Michael A. Roberts, Esq.
                                        GRAYDON HEAD & RITCHEY LLP
                                        511 Walnut Street, Suite 1900
                                        Cincinnati, Ohio 45202
                                        (513) 629-2799
                                        email:mroberts@graydon.com
                                        *Trial Counsel For Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was emailed and mailed to Edward T. Wahl, Esq., FAEGRE &BENSON LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901 and Jim Cummings, Waite Schneider Bayless & Chesley, One West Fourth Street, Cincinnati, Ohio 45202, on this 3rd day of September, 2003.

                                        _____

352350.1