# Exhibit 2

LEXSEE 2000 U.S. Dist. LEXIS 22036

**ADMINISTRATIVE COMMITTEE OF THE SEA RAY EMPLOYEES' STOCK OWNERSHIP AND PROFIT SHARING PLAN, et al., Plaintiffs v. DANIEL ROBINSON, et al., Defendants**

No. 3:92-cv-587

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

2000 U.S. Dist. LEXIS 22036

June 8, 2000, Filed

**PRIOR HISTORY:**
Admin. Comm. of the Sea Ray Emples. Stock Ownership & Profit Sharing Plan v. Robinson, 2000 U.S. Dist. LEXIS 22035 (E.D. Tenn. Mar. 15, 2000)

**DISPOSITION:**
*1 Magistrate's report and recommendation accepted in whole. Plaintiff's objections overruled in their entirety. Petition to enforce order for payment of attorney fees and expenses filed by Class I's counsel, as supplemented, was granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** In an ERISA case, plaintiff committee objected, under 28 U.S.C.S. § 636(b)(1), to the magistrate's report and recommendation (R&R) regarding attorney fees to be paid by the committee to counsel for Class I. Class I's counsel timely filed a reply to the committee's objections. The court made a de novo determination of those portions of the R&R to which the committee objected.

**OVERVIEW:** Counsel for Class I were appointed at the committee's request. The committee never claimed that the appeal by Class I's counsel was frivolous. The committee argued that it only agreed to pay attorney fees and expenses incurred in the district court. The court did not intend to sanction the committee's attempted restriction or control of counsel's performance by its refusal to pay attorney fees and expenses incurred in connection with the litigation. The committee's next objection focused on the fact that since the committee was the "prevailing party," it should not have had to pay Class I's fees and expenses. However, the court found that the committee's "prevailing party" argument totally missed the mark. Unlike many fee-shifting statutes, 29 U.S.C.S. § 1132(g) did not limit recovery of fees to prevailing parties. The court concluded that one King factor standing alone supported the award of fees -- whether the party requesting the fee sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions about ERISA. The court found that Class I's counsel sought to do so in an extremely competent and professional manner.

**OUTCOME:** The committee's objections were overruled, and the R&R was accepted in whole. The petition to enforce the order for payment of attorney fees and expenses filed by Class I's counsel, as supplemented, was granted to the extent that the committee was directed to pay the incurred fees and expenses of Class I's counsel in the amount of $ 111,757.

  

Case 1:01-cv-00680-HJW-TSH   Document 51-3   Filed 09/19/2003   Page 3 of 5

PAGE 2
2000 U.S. Dist. LEXIS 22036, *1

CORE TERMS:
prevailing party, appointed, Federal Rules of Civil Procedure, recommendation, supplemented, compensated, unfair, expenses incurred, memorandum, ethically, observes

LexisNexis(TM) HEADNOTES - Core Concepts

Civil Procedure > Costs & Attorney Fees > Attorney Fees
HN1 Unlike many fee-shifting statutes, 29 U.S.C.S. § 1132(g) does not limit recovery of fees to prevailing parties.

COUNSEL:
For ADMINISTRATIVE COMMITTEE OF THE SEA RAY EMPLOYEE'S STOCK OWNERSHIP & PROFIT SHARING PLAN, WILLIAM J BARRINGTON, DIANNE M YACONETTI, WILLIAM R MCMANAMAN, plaintiffs: Dan D Rhea, Arnett, Draper & Hagood, Thomas S Scott, Jr, Ball & Scott, Knoxville, TN.

For ADMINISTRATIVE COMMITTEE OF THE SEA RAY EMPLOYEE'S STOCK OWNERSHIP & PROFIT SHARING PLAN, WILLIAM J BARRINGTON, DIANNE M YACONETTI, WILLIAM R MCMANAMAN, plaintiffs: Herbert W Krueger, James D Holzhauer, Stephanie L Dest, Mayer, Brown & Platt, Chicago, IL.

For DANIEL ROBINSON, MIKE DOMINQUEZ, WILLIAM SKINNER, LISA MOORE, CHERYL ELLIOTT, RICKY TAYLOR, JERRY WAYNE MASSEY, JAMES BARNES, SUE COOKE, RALPH DAVIS JONES, SCOTT LYONS, VICKI HARDENBURG, TIM CARROLL, BENNY HOUSEHOLDER, RANDY NEIL GARNER, BENJAMIN WILLIAMS, STEVEN WAYNE BLAIR, ROBERT MARKWALTER, LISA BOYER, SAMUEL ADAMS, JERRY HANCOCK, defendants: Edwin H Rayson, Jr, William P Snyder, Kramer, Rayson, Leake, Rodgers *2 & Morgan, Knoxville, TN.

For SHARON BALDOCK, MARK LINDEMAN, EARL WAYNE HUMPHRIES, JEAN MARIE HOWARTH, WILLIAM SULLIVAN, ROY ELLIS, ARVIL ELLIS, GARY SOUTHWOOD, KENNETH HARRELL, EMILY SCHULTZ, FOREST JOSLIN, DEBORAH MCDANIEL, defendants: Jonathan D Reed, Joe Mont McAfee, Egerton, McAfee, Armistead & Davis, PC, Knoxville, TN.

JUDGES:
James H. Jarvis, UNITED STATES DISTRICT JUDGE.

OPINIONBY:
James H. Jarvis

OPINION:

MEMORANDUM AND ORDER

On March 15, 2000, the Honorable Thomas W. Phillips, United States Magistrate Judge, filed a Report and Recommendation (R&R) Doc. 131 in which he recommended that the original petition to enforce order for payment of attorney fees and expenses Doc. 121, as supplemented see Doc. 128, filed by counsel for defendant Class I be granted to the extent that the Administrative Committee of the Sea Ray Employees' Stock Ownership and Profit Sharing Plan and its members, William J. Barrington, Dianne M. Yaconetti, and William R. McManaman (collectively the "Committee"), should be directed to pay the incurred fees and expenses of Class I's counsel, including those related to the filing of the fee petition; however, to the extent that Class I's counsel *3 requested interest, it should be denied. This matter is presently before the court on the Committee's timely objections to the R&R see Doc. 132. See 28 U.S.C. § 636 (b)(1); see also Rule 72(b), Federal Rules of Civil Procedure. The record also





reflects that Class I's counsel has timely filed a reply to the Committee's objections see Doc. 133.

As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Federal Rules of Civil Procedure, the court has now made a de novo determination of those portions of the R&R to which the Committee objects. For the reasons that follow, the Committee's objections will be overruled, and the R&R will be accepted in whole.

I.

Before addressing the Committee's specific objections, a few preliminary remarks are in order. First, the court observes that counsel for Class I, as well as Class II, were appointed at the Committee's request. Second, as noted by Judge Phillips, the counsel appointed by the court for both classes "are highly competent, capable, and experienced attorneys." See Doc. 52, pp. 14-15. Finally, the Committee has never claimed that the appeal by Class I's counsel was *4 frivolous or that it was taken for any reason other than Class I's counsel opined that they were ethically obligated to appeal this court's decision see Doc. 130, Rayson affidavit, P 5.

That being said, the Committee now objects to the R&R, arguing in part that it only agreed to pay attorney fees and expenses incurred "in this court," i.e., in the district court. Thus, the Committee contends that it is not responsible for the attorney fees and expenses incurred by Class I's counsel arising out of the appeal, especially given the fact that it told Class I's counsel that it would not agree to pay those fees and expenses before they were incurred.

Nevertheless, the record reflects that this court's memorandum and order Doc. 60 filed on April 13, 1993, unambiguously accepted the report and recommendation dated February 2, 1993 Doc. 52, as amended February 18, 1993 Doc. 56, whereby "administrative expenses, attorney's fees and fees of experts incurred in connection *with this litigation* be paid ... ." Doc. 60, p.1 (emphasis added). In doing so, this court recognized the fact that it could not, after having appointed counsel for both classes, restrict and *5 control counsel's performance. In other words, this court recognized the obligation of counsel for both classes to ethically and zealously represent their respective classes, including the filing of any appeal which they believed to be necessary. More to the point, this court does not intend to sanction the Committee's attempted restriction or control of counsel's performance by its refusal to pay attorney fees and expenses "incurred in connection with this litigation ... ." The Committee's objection to the contrary will therefore be overruled.

The Committee's next objection focuses on the fact that since the Committee is the "prevailing party," it should not have to pay Class I's fees and expenses. However, the Committee's "prevailing party" argument totally misses the mark. As the Committee itself noted in a previous memorandum, HN1 "unlike many fee-shifting statutes, 29 U.S.C. § 1132(g) does not limit recovery of fees to prevailing parties." Doc. 47, p.4. Moreover, as aptly explained by the Committee's own counsel, because the members of the two defendant classes "did not initiate or in any way bring about this lawsuit .... it would be unfair to expose *6 those individuals with the possibility of having to pay attorneys' fees and it would be unfair to require the attorneys appointed at the request of the Plan to proceed without the assurance of compensation." Id. at p.5. Both Judge Phillips and this court have consistently recognized that the attorneys would be compensated appropriately, and this compensation was never dependent upon whether a particular class was a prevailing party.

  

Finally, the court observes that Judge Phillips analyzed the five factors set forth in *Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985), in considering the merits of Class I's petition for attorney fees and expenses. The court recognizes that the *King* test does not easily fit this case. Nevertheless, in addition to Judge Phillips' analysis of the *King* factors, this court concludes that one *King* factor standing alone supports an award of fees to Class I's counsel -- whether the party requesting the fee sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA.  775 F.2d at 669. Class I's counsel *7 did seek to do so in an extremely competent and professional manner, and they will be compensated accordingly, the Committee's objections notwithstanding.

II.

For the reasons foregoing, the Committee's objections Doc. 132 are hereby OVERRULED in their entirety whereby the R&R Doc. 131 is ACCEPTED IN WHOLE. Therefore, the petition to enforce order for payment of attorney fees and expenses Doc. 121 filed by Class I's counsel, as supplemented *see* Doc. 128, is hereby GRANTED to the extent that the Committee is DIRECTED to pay the incurred fees and expenses of Class I's counsel in the amount of $ 111,757.70.

**ENTER:**

James H. Jarvis

UNITED STATES DISTRICT JUDGE



