UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-01-680 |
| | ) | |
| Plaintiff, | ) | JUDGE WEBER |
| | ) | MAGISTRATE JUDGE HOGAN |
| v. | ) | |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

As with all its claimants receiving long-term disability benefits, Defendant Prudential Insurance Company of America ("Prudential") intends to enforce the terms and conditions of the Plan and require that Plaintiff submit periodic proof of disability. Even though the record conclusively establishes that Prudential enforces this requirement with every recipient of long-term disability benefits, Plaintiff suggests that the requirement will somehow be selectively enforced or enforced in bad faith. There is no record support for this contention.

Although Plaintiff proclaims that he is entitled to a "declaration" that he be exempt from the Plan's terms and conditions, there is no contractual basis for such a declaration. Absent a contractual basis for suspending his obligation to provide periodic proof of disability, Plaintiff's requested "declaration" is tantamount to an injunction that Plaintiff receive hundreds of thousands of dollars in long-term disability benefits irrespective of

whether he remains totally disabled. The circumstances of this case do not warrant such extraordinary relief. Indeed, Plaintiff has been allowed to engage in discovery to determine whether grounds existed to suspend application of the Plan's terms and conditions. No evidence supports his theory and the Court should deny Plaintiff's request for injunctive relief, grant summary judgment in favor of Prudential, and dismiss this action with prejudice.

## ARGUMENT

**I.    PLAINTIFF IS NOT ENTITLED TO A DECLARATION THAT HE RECEIVE PERMANENT FUTURE BENEFITS THROUGH AGE 67.**

Plaintiff does not dispute that the Plan (1) requires him to provide periodic proof of disability; or (2) has no provision for lump-sum or "permanent" future disability benefits. Nevertheless, Plaintiff asks the Court to issue injunctive relief to prevent application of the plain terms and conditions of the Plan. Under the circumstances of this case, the Court should deny the requested relief and enforce the terms and conditions of the Plan and "cannot require the plan to pay benefits to [Plaintiff] in derogation of the express terms of the plan['s] contractual provisions." *Buchman v. Bd. of Educ.*, 763 F. Supp. 1405, 1410-11 (N.D. Ohio 1991) (citing *Monsanto Co. v. Ford*, 534 F.Supp. 51 (E.D. Mo. 1981)).

In evaluating whether Plaintiff's requested injunctive relief is appropriate, the Court must balance the parties' interests, determine whether Plaintiff is being threatened by some activity for which there is no adequate legal remedy, and determine whether there is a real danger that the alleged activity will actually take place. *See Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118-19 (6th Cir. 2001). "A district court's decision to grant a permanent injunction involves factual, legal, and discretionary components." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Because neither the record nor the law

supports the injunctive relief requested by Plaintiff, the Court should enter summary judgment in favor of Prudential.[1]

      **A.    Balancing the Parties' Interests Requires Denying Injunctive Relief.**

Both parties to a contract have an interest in seeing their bargain enforced. Nevertheless, Plaintiff asks the Court to suspend his obligation to provide periodic evidence of disability. In seeking to develop facts outside the administrative record, Plaintiff told the Court that Prudential might not always require that claimants provide periodic proof of disability. Plaintiff completed the discovery and his theory has now been conclusively refuted.

Mr. Dougherty, a Prudential director, testified that no claimants receive benefits without periodic proof of disability:

> Q.    Oh really. Are there claims that have been approved and they're not subject to further review, they just get their disability check every month?
>
> A.    No.
>
> Q    That doesn't exist?

---

[1] Summary judgment is the proper procedure for resolving the issues before the Court. In contrast, the Sixth Circuit has held that summary judgment is not the proper procedure for evaluating whether a plan fiduciary has properly denied long-term disability benefits because a court's review is generally confined to the administrative record and any additional discovery regarding procedural issues during the administrative process that may affect the court's standard of review. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Here, however, Plaintiff's claim to long-term disability benefits has been granted and, as Magistrate Judge Hogan held, the sole issue upon which discovery was granted is whether Prudential's treatment of claimants generally precludes enforcement of the Plan's terms and obligations against Plaintiff. (June 6, 2003 Order at 5.) That discovery is now completed and the Court may conclusively resolve the question by application of summary judgment principles. Even if the Court is not inclined to implement summary judgment principles, the Court should dispose of this case by denying the requested injunctive relief and dismissing the case.

> A       No.
>
> Q       So, if a guy's in a coma and has been there for seven years, he's got to prove he's disabled every month. Is that the case?
>
> A.      In order to receive long-term disability benefits, there are the requirements to prove to disability.
>
> Q       So in a situation where you have somebody in a coma, has been in a coma for ten years, has no likelihood of coming out of the coma, do you have them examined every month or have the attending physician's statement sent to the company every month?
>
> A.      We require periodic proof of disability. If you want a specific answer, no, we don't require an attending physician's statement every month, but we, certainly, do require periodic proof of disability.
>
> Q       How periodic, in that situation, would you require proof of disability?
>
> A.      I can't recall that we have any such situation. But, at a minimum, we would require proof of disability, at least once every two years.
>
> Q.      Are there any claims you have on which it's a once every two years scenario?
>
> A.      Yes.
>
> Q.      Are there any claims you have where it's a longer period of time than that?
>
> A.      No.

(Aff. of James R. Cummins dated September 3, 2003, Ex. A. (Deposition of Dan Dougherty at 47-49) (emphasis added) (objection omitted).)

Mr. Dougherty testified that only in very few cases does Prudential allow periodic evidence to be submitted as infrequently as every two years; most require more frequent submissions:

> Q.      What types of illnesses do those individuals have that you can think of?
>
> A.      I can't think of any illnesses offhand. You know, and maybe what you're getting at is, we do require periodic proof of disability. If somebody has a condition.

-4-

      Is that extremely well documented by medical, by objective medical evidence, such as the situation of somebody in a coma, or somebody who's lost limbs, and it's clear and evident that there's not a likelihood, but that the person is totally disabled, at present, and there is no likelihood of future improvement, then we would require periodic proof of disability, but we would only request it every couple of years.

      But there are many conditions where present total disability isn't clear or the opportunity for future recovery is based on improvement in the condition or advances in medical technology, where we would require more frequent proof of disability.

      Q.    Even where the person, the hypothetical person has been receiving benefits continuously for five years or more?

      A.    Yes.

(*Id*. at 50-51).

In balancing the relative harms to the parties, then, the Court should conclude that more harm is done if Plaintiff's relief is granted than if it is denied.

If the requested relief is denied, Plaintiff will simply have to comply with the terms and conditions of the Plan. Complying with the terms and conditions of the Plan is an outcome that Plaintiff should have expected by virtue being a party to the contract. The Plan requires Prudential to pay long-term disability benefits if, and only if, certain conditions are met. One of those conditions is periodic proof of disability. Because Plaintiff is under the regular care of a doctor (PRU74), providing such proof should not be onerous. Even if, as Plaintiff wrongly suggests, Prudential intends to terminate his long-term disability benefits under the pretext of requiring proof of continuing disability, such a future decision could be reviewed by the Court and, if the Court concluded that Plaintiff's benefits were wrongfully terminated, legal means exist to remedy any wrong. Under the circumstances of this case,

however, there is no reason to believe Prudential intends to discontinue Plaintiff's long-term disability benefits wrongfully.[2]

If the requested relief is granted, however, a grave injustice could occur that would escape judicial review. Despite the lack of factual or legal basis for doing so, consider the possibility that the Court grants Plaintiff's request and declares him forever and incurably disabled such that Plaintiff need not submit periodic proof of disability to receive hundreds of thousands of dollars in long-term disability benefits over the next several years. If Plaintiff recovers from his disability—a result all parties hope for—Plaintiff would still receive long-term disability benefits and Prudential would be enjoined from discontinuing benefits. Such a result would be unjust and contrary to the requirement that the terms and conditions of the Plan be enforced. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 122 S. Ct. 708, 718 (2002) (primary purpose of ERISA is the enforcement of plan terms); *see also Buchman v. Bd. of Educ.*, 763 F. Supp. 1405, 1410-11 (N.D. Ohio 1991) (citing *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344 (8th Cir. 1980) (ERISA plans are valid, enforceable, bilateral contracts)); the Court may not rewrite the terms of the Plan. *E.g,. Buchman*, 763 F. Supp. at 1411 (claimants must satisfy obligations of plan and court cannot rewrite terms of plan) (citing *Monsanto Co. v. Ford*, 534 F. Supp. 51 (E.D. Mo. 1981)). On balance, much more harm would befall Prudential if the requested relief were granted than would befall Plaintiff if it were denied.

---

[2] Plaintiff's extensive citation to the record to establish his one-sided view of the posture of the case is irrelevant. Mr. Jeffries is receiving benefits. Prudential must follow the terms of its Plan.

### B. Plaintiff Has an Adequate Legal Remedy, Which Defies Injunctive Relief.

Even if Plaintiff had established that Prudential's intent to enforce the Plan's terms and conditions was pretextual or some how constituted bad faith,[3] which he did not, Plaintiff has an adequate legal remedy. If Prudential wrongfully terminates Plaintiff's long-term disability benefits, the Court can review the decision under the appropriate standard of review and, if it agrees with Plaintiff that his benefits were wrongfully terminated, can award legal relief as prescribed by ERISA. Because Plaintiff therefore has an adequate legal remedy for any wrongful termination of his long-term disability benefits, no injunctive relief is warranted.

### C. Plaintiff Has Not Established That Any Wrongful Activity Will Actually Take Place.

Plaintiff does not suggest—because he cannot—that Prudential presently and wrongfully intends to discontinue Plaintiff's long-term disability benefits. In fact, Plaintiff does not allege any exigency that warrants injunctive relief. Instead, to create the illusion that Prudential might behave wrongfully in the future, Plaintiff alleges that Prudential has engaged in four "abusive tactics" during the past evaluation of his claim. (Pl.'s Mem. in Opposition to Def.'s Mot. for Summary J. at 3.) On its face, Plaintiff's failure to identify any impending wrongful action is fatal to his request for injunctive relief because the law

---

[3] To be clear, Plaintiff has not established that Prudential's enforcement of the Plan's terms and conditions will be in any way unique to him. Nor has Plaintiff established that Prudential's intent to enforce the Plan's terms and conditions is any way pretextual or in bad faith. Indeed, the record conclusively establishes that Prudential requires periodic proof of disability from **all** recipients of long-term disability benefits. This requirement is not intended to vex and annoy benefit recipients. Rather, it assures that recipients are treated

(continued on next page)

requires that Plaintiff identify future conduct that will actually take place. Even if that were not the case, the allegedly abusive conduct Plaintiff identifies does not support injunctive relief because it is legally irrelevant, a misstatement of fact, and/or occurred in the past.

### 1. Neither the Law Nor the Plan Require Independent Medical Examination.

Plaintiff suggests that, in addition to having an independent physician review Plaintiff's medical records and render an opinion regarding his long-term disability claim, Prudential should have also obtained an independent medical evaluation. Plaintiff does not—because he cannot—cite any legal authority or contractual basis for this proposition. Quite simply, none exists. Moreover, because his appeal was finally granted, the issue is moot because Prudential does not allege that Plaintiff is disabled and any failure to obtain an independent medical examination had no adverse effect on his claim.

### 2. Any Mistakes Were Cured in the Administrative Appellate Process.

Plaintiff suggests that Prudential applied an incorrect standard of disability in addressing his claim for long-term disability benefits. Even if a mistake were made early in the administrative review process, any error was corrected later in the process and, in any event, is rendered moot upon his receipt of long-term disability benefits. Congress enacted ERISA specifically to allow the administrative process to correct alleged errors in the administrative process rather than burdening the courts with them. *See Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (*citing Makar v. Health Care Corp.*,

---

(continued from previous page)

consistently, that they are alive, and that social security status is unchanged, and that their

(continued on next page)

872 F.2d 80, 83 (4th Cir. 1989)); *Weiner v. Klais and Co.*, 108 F.3d 86, 90 (6th Cir. 1997). Thus, even if the early claim process contained an error, the error was ultimately corrected by Prudential. Plaintiff's attempt to exploit an error that was ultimately corrected as evidence of misconduct has no force when, as envisioned by Congress, the error was ultimately corrected by Prudential.

### 3. Prudential Reviewed and Analyzed the Administrative Record.

Plaintiff alleges that the administrative record reveals that Prudential made "no effort" to analyze his second and third appeals by citing to a portion of the record for what certain documents *do not* say. Such allegations are belied by the record. (PRU408-410.) Plaintiff does not suggest that the documents that he cites are actually used by Prudential to document its analysis – they are not. No inference can be made by what the documents do not mention. Even if these internal documents were used to identify Prudential's analysis of Plaintiff's claim, the documents show ample consideration of Plaintiff's claim. For example, the record clearly establishes that Prudential reviewed the materials submitted by Plaintiff. Indeed, in its internal documents, Prudential noted that Plaintiff's attorney submitted "voluminous information regarding employee's claimed condition including a textbook regarding Myalgic Encephalomyelitis Chronic Fatigue Syndrome. There are also a number of testimonials in the form of declarations reporting observations in support of Mr. Jeffries['] claim." (PRU408.) Prudential also analyzed the material, concluding that "[d]espite the medical material submitted and reports from Mr. Jeffries' colleagues and family members, there

---

 (continued from previous page)
disability persists.

remains no objective medical information, in terms of testing or observation, which supports that Mr. Jeffries has a medical condition (sickness or accident) which prevents him from working in his own occupation." (*Id.*) It is also notable that Plaintiff does not suggest that the letters he received from Prudential outlining the basis for its decisions through the appeal process were inadequate or in any way violated ERISA. Moreover, his claim was ultimately granted. Plaintiff's allegations are not supported by the record and, even if they were, they do not support the grant of injunctive relief.

### 4. Plaintiff's Allegations of Collusion

Plaintiff suggests that Prudential "collud[ed] with another insurer for the sole purpose of denying the Claim." Plaintiff provides no explanation for this allegation and does not tell the Court that Plaintiff's counsel initially informed Prudential that another carrier had been paying benefits to Plaintiff but then changed his story. (PRU29.) Plaintiff has made no showing of improper collusion to deny Plaintiff benefits. Indeed, Plaintiff has been receiving benefits. Nor has Plaintiff established that communication with another insurer in any way violates ERISA. Under these circumstances, injunctive relief is not warranted.

### CONCLUSION

Plaintiff has failed to establish any contractual basis for a declaration that he receive long-term disability benefits without regard to whether he remains, in fact, disabled. Nor has he established sufficient grounds to have the Court issue an injunction providing for such benefits and suspending his obligation to show periodic proof of disability. Under these circumstances, the Court should deny Plaintiff's requested relief, grant summary judgment in favor of Prudential, and dismiss the case with prejudice.

                                        Respectfully submitted,

Dated: September 19, 2003            /s/ James R. Cummins
                                        James R. Cummins (0000861)
                                        Trial Attorney for Defendant
                                        WAITE, SCHNEIDER, BAYLESS &
                                        CHESLEY CO., L.P.A.
                                        3500 Carew Tower
                                        441 Vine Street
                                        Cincinnati, OH  45202
                                        Telephone: 513/721-2121

Dated: September 19, 2003            /s/ Edward T. Wahl per telephone authorization
                                        Edward T. Wahl (Minnesota Bar No. 15409X)
                                        Michael F. Cockson (Minnesota Bar No.
                                            280549)
                                        FAEGRE & BENSON LLP
                                        2200 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN  55402-3901
                                        Telephone: 612/766-7000

-12-

CERTIFICATE OF SERVICE

      A copy of the foregoing Defendant Prudential Insurance Company of America's Reply Memorandum in Support of its Motion for Summary Judgment was electronically filed this 19th day of September, 2003. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. As a courtesy, service was also accomplished by mailing, via U.S. Mail, to Michael A. Roberts, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45201, this 19th day of September, 2003.

                                                  /s/ James R. Cummins

24639