**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ERIC L. JEFFRIES, Plaintiff, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant. | ) | CASE NO. C-1-01-680<br>JUDGE WEBER<br>MAGISTRATE JUDGE HOGAN |

**DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

## INTRODUCTION

Plaintiff Eric Jeffries is afflicted with a little-known and poorly understood allergic reaction to hepatitis vaccine. Based on his medical condition, he sought and received long-term disability benefits under his employer's disability plan. (*See* AR 64-88 ("Plan").)[1] There is no dispute between the parties regarding the fact of disability nor the amount of monthly benefits. This case remains in suit because Plaintiff sought a judicial declaration of lifetime, permanent, and perpetual disability with corresponding payments under the Plan. As the Magistrate Judge correctly concluded in his Report and Recommendation, such relief is not available under either the plain terms of the Plan or under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

[1] Plaintiff filed the administrative record with the Court and, for the sake of clarity, Prudential will adopt Plaintiff's "AR" citation format.

In responding to Prudential's initial summary judgment motion, Plaintiff told the Court that—despite the clear terms of the Plan and ERISA law to the contrary—discovery would show that Plaintiff was somehow entitled to permanent disability benefits without having to fulfill his contractual obligation to periodically establish proof of loss. The Court indulged Plaintiff and allowed extensive discovery. Plaintiff has completed his discovery and failed to make good on his promise. Indeed, upon hearing the parties' cross motions for summary judgment, Magistrate Judge Hogan properly concluded that Plaintiff's claim is without basis in either fact or law. Because Magistrate Judge Hogan correctly and thoroughly analyzed the parties' motions, the Court should adopt the Report and Recommendation.

## FACTUAL SUMMARY

### I. THE TERMS OF THE PLAN DEFINE ELIGIBILITY FOR BENEFITS.

#### A. "Total Disability" Defined.

Plaintiff is receiving full benefits under the terms and conditions of the Plan. The Plan provides that an insured is under a "Total Disability" if three conditions are met:

(1) Due to Sickness or accidental injury, an insured is not able to perform, for wage or profit, the material and substantial duties of his or her occupation.

(2) The insured is not working at any job for wage or profit.

(3) The insured is under the regular care of a Doctor.

(Magistrate Judge Hogan Dec. 4, 2003 Report and Recommendation ("R&R") at 5 (quoting Plan at 10).) As long as Plaintiff satisfies these conditions, Plaintiff's disability benefits are calculated by taking his "Scheduled Benefit" and subtracting his "Offset Amount for that Calendar Month." (*Id*. (quoting Plan at 4-5).) The Offset Amount and periodic cost of living adjustments preclude a simple estimate of future benefits payments.

**B. Periodic Proof of Disability Is Required under the Plan.**

Under the Plan, Plaintiff must provide periodic proof of his claim to disability benefits. For example, the Plan's claim rules provide that an insured must give "written proof of the loss for which the claim is made," which must be given to Prudential "within 90 days after the end of the month" for which benefits were received. (R&R at 5 (quoting Plan at 21).) Indeed, an insured's "claim will not be considered valid unless the proof is furnished within these time limits" and "[b]enefits are paid when Prudential receives written proof of the loss." (*Id.* (quoting Plan at 21).) As part of the claim rules, Prudential, at its own expense, has the right to examine the person whose loss is the basis of the claim. (*Id.*) These provisions exist, at least in part, so Prudential can discharge its fiduciary duties to all other members under the Plan.

Although Plaintiff selectively quoted from deposition testimony to create the opposite impression, Magistrate Judge Hogan correctly concluded that the record unambiguously refutes Plaintiff's allegation that Prudential requires periodic proof of disability. (*Id.* at 6-8.)

**C. The Plan Does Not Allow Lump-Sum Distribution or Permanent Future Benefits.**

As Magistrate Judge Hogan concluded, "[e]xamining the plain language of the Plan in this case, the explicit provisions of the Plan do not provide for any type of 'permanent' future or lump-sum benefits." (R&R at 5.) Once an insured satisfies the claim rules, the Plan provides for disability payments such that "[t]here is an Adjusted Benefit payable for each full Calendar Month of such Total Disability." (Plan at 11.) The Adjusted Benefit refers to an insured's Offset Amount. (*See id.* at 15.) The Offset Amount is determined by the Schedule Supplement, which "describes the Periodic Benefits from other sources that are used to calculate [an insured's] Offset Amount and how those Periodic Benefits are computed." (*Id.*) For example, the Plan requires an insured to apply to the United States Social Security Administration for

disability benefits. Thus, possible funds, or Periodic Benefits, that may contribute to the Offset Amount include, among others, Social Security disability benefits payments. (*See id.* at 15-16.) If an insured has not complied with this requirement, Prudential may estimate the monthly Social Security disability benefit amount and use that amount to determine an insured's Adjusted Benefit. (*See id.* at 16.) When the Social Security Administration issues its final ruling, Prudential will adjust the past amounts paid and prospective payments. (*See id.* at 16.)

## II. PRUDENTIAL AWARDED JEFFRIES DISABILITY BENEFITS IN DECEMBER 2001.

In February 1999, Plaintiff filed a claim for past and future disability benefits under the Plan provided by his former employer and administered by Prudential. Plaintiff's disability is an illness that was apparently caused by an adverse reaction to Hepatitis A and B vaccinations. Plaintiff claims that this illness left him unable to perform his executive level job at Provident Bank.

Prudential denied the claim on June 1, 1999. Plaintiff appealed that decision twice, without success. While Plaintiff's final appeal was still pending (but before Plaintiff had submitted all necessary medical records), Plaintiff commenced this action on October 3, 2001.

Prudential concluded its review of Plaintiff's final appeal in December 2001. Prudential determined that Plaintiff was entitled to (a) past disability benefits from March 1999 to the present, and (b) prospective disability benefits in accordance with the provisions of the Plan covering Plaintiff.

## III. THE COURT NARROWED THE DISPUTE BETWEEN THE PARTIES.

In January 2002, Prudential determined that Plaintiff was eligible for benefits under the terms of the Plan. (Affidavit of Aaron Vanderlaan in Support of Prudential's Motion for Partial Summary Judgment dated August 15, 2002, Ex. 2.) Each month since February 2002, Plaintiff

has received over $12,000 in long-term disability benefits. (R&R at 3.) He will continue to receive these benefits as long as he remains disabled within the terms and conditions of the Plan.

On August 15, 2002, Prudential moved for partial summary judgment. Prudential argued that Plaintiff had received all the benefits to which he was entitled under the Plan and that he was not entitled to injunctive relief. Plaintiff opposed this motion by arguing, in part, that,

> It is believed, however, that after discovery is undertaken the record will establish that the defendant permits some disabled insureds to receive benefits under the terms of the plan without strictly requiring the insured to present written proof of loss within 90 days after the period for which benefits are sought.

(Pl. Mem. Opp. Def's. Mot. for Summ. J. at 3).

After considering the parties' arguments, on October 7, 2002, Magistrate Judge Hogan determined that the only controversy between the parties concerned the interpretation and application of the Plan's provisions relating to permanent disability benefits:

> Plaintiff seeks discovery which he believes will show that other participants are not subject to the verification requirements for continuing benefits, effectively granting some beneficiaries something akin to permanent future benefits. Plaintiff argues that requiring him to submit verification of continuing eligibility on a monthly basis while omitting this requirement for others amounts to an arbitrary and capricious application of the Plan in his case. Defendant argues that the Plan simply does not provide for the permanent disability benefits sought by plaintiff. (Doc. 23 at 7-9). The interpretation and application of the Plan are at the heart of plaintiff's request for declaratory relief. Without commenting on the merits of this particular claim, the Court finds that plaintiff has alleged sufficient facts to show an actual controversy in this matter conferring subject matter jurisdiction on the Court. Thus, to the extent that the plaintiff seeks a declaratory judgment under ERISA to clarify his rights to future benefits, an actual controversy exists in this matter and plaintiff may pursue that claim under Count I of the complaint.

(October 7, 2002 Report and Recommendation at 5.)

Under Magistrate Judge Hogan's June 6, 2003 Order, the only remaining issues in this suit were whether the Plan requires Plaintiff to submit periodic evidence of his disability, and whether Prudential has required such verification from other Plan participants. Specifically,

Magistrate Judge Hogan confirmed that Plaintiff may seek clarification of his "right to future benefits in accordance with 'the terms of the plan.'" (June 6, 2003 Order at 3 (quoting ERISA, 29 U.S.C. § 1132(a)(1)(B)).)

Plaintiff pursued extensive discovery to establish the factual predicate for his allegations. No such facts exist, nor has Plaintiff identified any legal basis for rewriting the Plan. Because no record evidence or legal authority supports Plaintiff's allegations, Magistrate Judge Hogan properly concluded that summary judgment in favor of Prudential is appropriate. The Court should adopt Magistrate Judge Hogan's Report and Recommendation.

## ARGUMENT

### I. MAGISTRATE JUDGE HOGAN PROPERLY DETERMINED THAT PLAINTIFF IS NOT ENTITLED TO A DECLARATION THAT HE RECEIVE PERMANENT FUTURE BENEFITS THROUGH AGE 67.

Neither the law nor the administrative record[2] supports the extraordinary relief Plaintiff seeks. Indeed, the Court must enforce the plain terms of the Plan. *See Great-West Life &*

[2] The administrative record (upon which Prudential granted long-term disability benefits) does not aid the Court in determining whether injunctive relief is warranted. Plaintiff seeks an injunction based on the terms and conditions of the Plan and how they should be construed in the future. Plaintiff dropped all claims that the Plan or ERISA law supports his claim for permanent disability benefits. Instead, he relies solely on the statements of a Prudential employee, which actually undermine his claim for relief. (See Pl.'s Objection to Magistrate's Report and Recommendation at 11-13.) Because Plaintiff's claim for injunctive relief now rests solely on the deposition testimony of a Prudential employee, simple reference to the deposition transcript resolves the injunctive relief issue and the administrative record has no bearing.

Plaintiff's goal in reciting the administrative record as he does is to imply that Prudential should have granted long-term disability benefits before it did. The difficulty with Plaintiff's selective recitation of the record, however, is that he ignores the fact that he and his attorney routinely refused to cooperate with Prudential's reasonable requests for medical information. During the course of his final appeal, Plaintiff refused to provide full and complete information relating to his medical condition. (AR 29, 30). Moreover, Plaintiff conveniently omits the fact that he and his attorney failed to comply with ERISA's requirement that he exhaust administrative remedies before commencing litigation. Because Plaintiff failed to comply with a simple request for additional medical information, the otherwise 60-day deadline for deciding Plaintiff's appeal was properly extended. *See* 29 C.F.R. § 2560.503-1(h)(4)(i). Perhaps Plaintiff resorts to such allegations because neither the facts nor the law support the requested relief and

(continued on next page)

*Annuity Ins. Co. v. Knudson*, 122 S. Ct. 708, 718 (2002) (primary purpose of ERISA is the enforcement of plan terms); *Buchman v. Wayne Trace Local Sch. Dist. Bd. of Educ.*, 763 F. Supp. 1405, 1410-11 (N.D. Ohio 1991) (citing *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344 (8th Cir. 1980) (ERISA plans are valid, enforceable, bilateral contracts)). The Court may not rewrite the terms of the Plan. *E.g.,. Buchman*, 763 F. Supp. at 1411 (claimants must satisfy obligations of plan and court cannot rewrite terms of plan) (citing *Monsanto Co. v. Ford*, 534 F. Supp. 51 (E.D. Mo. 1981)).

Plaintiff does not dispute that the Plan (1) requires him to provide periodic proof of disability; or (2) has no provision for no lump-sum or "permanent" future disability benefits. Thus, Plaintiff has no contractual basis for the strictly contractual remedy he seeks. Stripped of its hyperbole and irrelevant legal standards, Plaintiff's brief argues two points. First, he argues that the administrative record supports a finding of permanent disability. Second, he argues that, in some contexts, Prudential waives the contractual requirement that a claimant submit periodic proof of disability and that Plaintiff should be discharged from his contractual obligations. Magistrate Judge Hogan properly rejected both arguments.

(continued from previous page)

criticizing the manner in which Prudential handled the administrative claim will somehow convince the Court to ignore the law and import terms and conditions that are not part of the Plan. To the extent that allegations of delay and impatience help the Court in determining whether interest and fees are appropriate, however, Plaintiff and his attorney are guilty of both.

Perhaps the most troubling aspect of Plaintiff's criticism of the administrative process is that, even if certain events early in the process contained errors—a point Prudential contests—Congress enacted ERISA specifically to allow the administrative process to correct such errors rather than burdening the courts with them. *See Ravencraft v. Unum Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (citing *Makar v. Health Care Corp. of the Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989)); *Weiner v. Klais and Co.*, 108 F.3d 86, 90 (6th Cir. 1997). Thus, even if the Court were to conclude that certain events early in the claim process were less than optimal, any errors were ultimately corrected by Prudential when it granted long-term disability benefits in its final administrative appeal.

**A. The Plan Does Not Provide Permanent Disability Benefits.**

As discussed above, the plain terms of the Plan do not provide any basis for the permanent relief sought by Plaintiff. Indeed, Magistrate Judge Hogan confirmed that, "[s]ince the plain terms of the Plan do not provide for permanent or lump-sum benefits and require periodic proof of disability, the Court is without the authority to rewrite the Plan to add the additional terms sought by plaintiff." (R&R at 6 (citing *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 557 (6th Cir. 1998) (en banc).) Although Plaintiff had an opportunity to point out the terms of the Plan that allegedly support his position, he failed to do so. Indeed, Magistrate Judge Hogan concluded that "Plaintiff has cited to no explicit terms of the Plan to the contrary, nor legal authority compelling a different result." (*Id.*) Notwithstanding Magistrate Judge Hogan's clear admonition, Plaintiff persists in his failure to cite to explicit terms of the Plan or legal authority compelling a different result. Accordingly, the Court should adopt Magistrate Judge Hogan's Report and Recommendation.

**B. The Evidence Does Not Establish That Plaintiff Is Permanently Disabled.**

Mr. Jeffries was apparently disabled by a reaction to a Hepatitis vaccination. According to the record, this reaction is poorly understood, difficult to diagnose, and transient in effect. Plaintiff's affidavits -- apparently prepared by Plaintiff's counsel, given the identical repeated wording -- confirm the elusive nature of Mr. Jeffries' disease. *See* AR 2277 (". . . my inability to precisely diagnose Mr. Jeffries' condition . . ."); AR 2334 (same); AR 2372 (same); (". . . specific diagnostic tests have failed to yield a precise diagnosis or common names for his illness."))

The administrative record does not establish that Plaintiff is forever and incurably disabled. Indeed, the medical opinions expressed in the administrative record speak largely in present tense from which no future predictions could be made. For example, in affidavits

submitted by counsel, the opinions of Plaintiff's primary physicians, Drs. McClellan, Luggen and Corwin are silent on the issue of future or permanent disability. (AR 2277, AR 2334, AR 2372). (Note that the affidavits are either undated or date back to 1999.) Even the strongest of Plaintiff's opinions do not establish permanent disability. In 2000, Dr. Hyde discussed Plaintiff's disability in terms of the "foreseeable" future, but noted that "it is impossible for me to come to additional conclusions until he has got through the next year of treatment and investigation." (AR 2291.) Also in 2000, Dr. Poser offers only a "guarded diagnosis" and indicates that Plaintiff's "prospects for recovery and return to gainful employment [are] quite dismal." (*See* Pl.'s Sept. 9, 2002 Mem. Opposing Def.'s Mot. for Summ. J. at 4.)

Magistrate Judge Hogan determined that these statements (and others in the record) do not conclusively establish that Plaintiff is forever disabled. (*See* R&R at 6 n.1.) They establish that Mr. Jeffries is currently disabled, but they do not address his prospective potential for sickness or health. Quite simply, the administrative record does not support the permanent relief Plaintiff seeks. To the contrary, the vast bulk of the record establishes the difficulty of diagnosis and discusses Plaintiff's disability in the present tense, at the time of the affiant's last examination. (*See, e.g.,* AR 106, 109, 120, 127). No one definitively states that he is permanently disabled without hope of recovery. (*Id.*) Indeed, the obscure and mysterious nature of Plaintiff's ailment implies that advances in detection, therapy, treatment and workplace accommodation may well offer hope for recovery, an outcome that no one would oppose. (AR 152-193).

Moreover, if the Court were to exempt Plaintiff from his contractual obligations and if he were to recover from his disability, the Court would have conferred on Plaintiff an improper windfall of hundreds of thousands of dollars. This windfall would come at the expense of

thousands of other insureds who expect the Plan to be administered consistent with its terms. The Court should enforce the clear terms of the Plan and, because there is no basis for declaratory relief, the Court should adopt Magistrate Judge Hogan's Report and Recommendation, granting summary judgment in favor of Prudential.

### C. Prudential Does Not Waive Its Contractual Requirements.

Plaintiff also failed to make good on his prediction to the Court that he could establish through discovery that Prudential routinely waives its contractual requirements and Plaintiff is entitled to such waiver. Plaintiff boldly represented to the Court that discovery would "likely show that [Prudential] has administered the Plan in such a way that some disabled insureds, e.g., those with permanent injuries, receive long-term disability benefits without proof of loss every month in order to receive those benefits." (October 7, 2002 Order at 3.) On the basis of this prediction, the Court allowed discovery to proceed, but Plaintiff's discovery shows nothing of the kind.

Plaintiff conducted several depositions, but only pursued the waiver issue with one witness, Dan Dougherty, a director at Prudential. When asked to allow discovery in this case, Magistrate Judge Hogan was initially "persuaded by plaintiff's argument that discovery in this matter would likely show that defendant has administered the Plan in such a way that some disabled insureds, e.g., those with permanent injuries, receive long-term disability benefits without proof of loss every month in order to receive those benefits." (R&R at 3.) Now that discovery is completed and, after a full review of the deposition transcript of Daniel Dougherty (opposed to the selective quotations cited by Plaintiff), Magistrate Judge Hogan concluded that "the deposition testimony of Mr. D[a]ugherty does not support plaintiff's claim." (R&R at 8.) Indeed, far from establishing a waiver, the excerpt from Mr. Dougherty's testimony cited by Plaintiff actually establishes the contrary point. (Pl.'s Objection to Magistrate's Report and

Recommendation at 12 (even if "it's clear and evident that there's not a likelihood, but that the person is totally disabled, at present, and there is no likelihood of future improvement, ***then [Prudential] would require periodic proof of disability***").)

Nothing in Mr. Dougherty's testimony suggests a waiver of contract terms by Plaintiff. Plaintiff has no basis to cite this language and urge the Court to conclude that Prudential grants permanent disability benefits. No evidence suggests that Prudential waives the proof-of-disability requirement or intends to apply a different standard to Plaintiff than that applied to other claimants. Indeed the evidence is to the contrary; Plaintiff selectively quotes the deposition and omits the evidence that Prudential consistently requires its most profoundly disabled recipients to demonstrate periodic proof of disability. Mr. Dougherty testified that Prudential requires continued proof of disability:

> Q. Are there claims that would you require proof of disability?
>
> A. I can't recall that we have any such situation. But, at a minimum, we would require proof of disability, at least once every two years.
>
> Q. Are there any claims you have on which it's a once every two years scenario?
>
> A. Yes.
>
> Q. Are there any claims you have where it's a longer period of time than that?
>
> A. No.

(Deposition of Dan Dougherty at 47-49.) Mr. Dougherty testified that only in very few cases does Prudential allow periodic evidence to be submitted as infrequently as every two years; most require more frequent submissions:

> Q. What types of illnesses do those individuals have that you can think of?
>
> A. I can't think of any illnesses offhand. You know, and maybe what you're getting at is, we do require periodic proof of disability. If somebody has a condition. Is that extremely well documented by medical, by objective medical

> evidence, such as the situation of somebody in a coma, or somebody who's lost limbs, and it's clear and evident that there's not a likelihood, but that the person is totally disabled, at present, and there is no likelihood of future improvement, then we would require periodic proof of disability, but we would only request it every couple of years.
>
> ***But there are many conditions where present total disability isn't clear or the opportunity for future recovery is based on improvement in the condition or advances in medical technology, where we would require more frequent proof of disability***.
>
> Q. Even where the person, the hypothetical person has been receiving benefits continuously for five years or more?
>
> A. Yes.

(*Id*. at 50-51) (emphasis added).

This verification requirement is not intended to vex and annoy benefit recipients. Rather, it assures that recipients are alive, that their disability persists, that they are treated consistently, and that their social security status is unchanged. Plaintiff's claims are utterly unfounded, and they reveal Plaintiff's strategy for what it is: a hyperbolic attack, designed to browbeat Defendant and to elicit judicial sympathy. Such baseless allegations have no place under the rule of law.

Simply put, there is no record evidence suggesting that Prudential ever waived the requirements of a claimant to confirm periodically that he or she continues to satisfy the standards of disability set forth by the contract. Without such evidence, Plaintiff cannot withstand summary judgment. (*See* June 6, 2003 Order at 4 ("[P]laintiff's claim for clarification of his right to future ERISA benefits under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) must be decided based solely on the evidentiary materials contained in the administrative record and any evidence presented in connection with a procedural challenge to the administrator's decision.").) Indeed, Magistrate Judge Hogan concluded that "[t]here is no evidence that claimants are granted disability benefits without proof of disability on a continuing basis.

'Periodic' proof of disability plainly means that the issue of continuing disability is subject to verification at some point in time." (R&R at 8.)

After oral argument on the parties' cross-motions for summary judgment, Magistrate Judge Hogan determined that the core of Plaintiff's claim is that he "is forced to comply with the requirements of the Plan to submit evidence supporting his claim for disability on a monthly basis in order to continue receiving benefits while others may not be subject to the same requirements." (R&R at 8.) Magistrate Judge Hogan properly concluded that "[n]ot only is the evidentiary basis for this claim lacking, the legal basis is lacking as well." (*Id.*) Indeed, "Plaintiff has not cited, nor has the Court found, any legal authority supporting the proposition that a waiver of periodic proof of disability requirements for some participants, contrary to the plain terms of the Plan, mandates a waiver of such requirement for plaintiff." (*Id.*) Magistrate Judge Hogan found the plain terms of the Plan unambiguous and directly on point:

> The terms of the Plan clearly provide that proof of disability be provided for any given month "within 90 days after the end of that month." (Plan at 21). The Court cannot read this provision out of the Plan, nor does the Court have the authority to arbitrarily set a "periodic" term in this particular case for plaintiff. *See Perez v. Aetna Life Ins. Co.*, 150 F.3d at 557. Therefore, plaintiff is not entitled to a declaration that he is entitled to future benefits through age 67 based on defendant's administration of the Plan.

(R&R at 8.)

**II. MAGISTRATE JUDGE HOGAN PROPERLY DENIED PLAINTIFF'S REQUESTED ALTERNATIVE DECLARATIONS.**

If the Court agrees with Magistrate Judge Hogan and concludes that it should not rewrite the terms of the Plan and declare Plaintiff forever and incurably disabled, the Court should similarly reject the three alternative declarations sought by Plaintiff. First, Plaintiff seeks a declaration that Prudential's interpretation of Plan terms would be reviewed by a *de novo*—as opposed to a discretionary—standard of review. (*See* R&R at 9.) Second, Plaintiff seeks a

declaration that neither the Plan nor ERISA require "objective medical evidence." (*See id.*) Finally, Plaintiff seeks a declaration that an illness that "waxes and wanes" may be totally disabling. (*See id.*) At oral argument, Plaintiff confirmed that these three declarations were unrelated to issues currently in dispute. Rather, Plaintiff "clarified he wanted these additional declarations in the event this matter comes back to the Court." (R&R at 9.) Magistrate Judge Hogan correctly concluded that Plaintiff's requested alternative declarations amounted to nothing more than requests for inappropriate advisory opinions barred by the United States Constitution Article III's case and controversy requirement.

As to the first alternative declaration, the *de novo* standard has no application under the circumstances of this case. As the Sixth Circuit has noted:

> In *Bruch* the court rejected use of the arbitrary and capricious standard in ERISA cases and held that a ***denial of benefits*** challenged under 29 U.S.C. § 1132(a)(1)(B) must be reviewed under a *de novo* standard unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority ***to determine eligibility for benefits or to construe the plan's terms***. 109 S.Ct. at 956.

*Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990) (emphasis added). Here, the Court is not being asked to review a denial of benefits—indeed, full benefits have been granted. Nor is the Court being asked to construe the Plan's terms. Instead, Plaintiff argues that, notwithstanding the plain terms that require periodic proof of disability, Prudential's alleged ***conduct*** regarding other claimants negates the plain contractual requirement that he provide periodic proof of disability. As established above, nothing about Prudential's conduct suggests a waiver. Therefore, Defendant's alleged conduct is irrelevant concerning what, if any, deference the Court would accord Prudential's determination of benefits or interpretation of plan terms. It is also unnecessary for the Court to issue what is tantamount to an advisory opinion because

there is no present dispute between the parties regarding the types of ailments that constitute a disability under the Plan. Indeed, Plaintiff has satisfied the definition of disability.

As to the last two alternative declarations, Magistrate Judge Hogan correctly concluded that "there is no present controversy involving the second and third alternative declarations." (R&R at 10.) It is speculative and premature for the Court to rule on the nature, form, and content of evidence necessary to sustain the finding of disability as well as whether a waxing and waning condition may be totally disabling. Indeed, Magistrate Judge Hogan agreed that such declarations would amount to impermissible advisory opinions and "[t]here is no need for the Court to determine at this juncture whether the Plan or ERISA requires 'objective medical evidence' or whether a condition that waxes and wanes may be totally disabling." (*Id.*) Magistrate Judge Hogan acknowledged that he allowed Plaintiff to conduct discovery to determine whether he could sustain his allegations but concluded that

> plaintiff has presented no evidence substantiating his concerns over the imminent termination of his benefits. *See Paciello v. UNUM Life Ins. Co.*, 188 F.R.D. 201, 204 (S.D.N.Y. 1999) ("Plaintiff's speculation that her benefits might be withdrawn in the future and that she might then receive a defective denial of benefits letter, does not mean that she has a live case in controversy at this moment.").

(R&R at 10.)

## III. MAGISTRATE JUDGE HOGAN PROPERLY DENIED ATTORNEY'S FEES.

Magistrate Judge Hogan noted in his Report and Recommendation that, in the Sixth Circuit, there is no statutory presumption for an award of attorney's fees in an ERISA action. (R&R at 11 (citing *Foltice v. Guardsman Prods. Inc.*, 98 F.3d 933, 939 (6th Cir. 1996).) "Nor should attorney's fees be awarded as a matter of course in ERISA cases." (R&R at 11 (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1302-03 (6th Cir. 1991).) Magistrate Judge Hogan

performed a thorough analysis of the relevant factors and properly concluded that Plaintiff is not entitled to an award of attorney's fees.

**A. Magistrate Judge Hogan Correctly Concluded that Pre-Litigation Attorney's Fees Cannot Be Recovered in the Sixth Circuit.**

Although he omits the relevant citations in his current brief, Plaintiff necessarily conceded in his brief before Magistrate Judge Hogan (which he explicitly adopts as part of his current brief) that the Sixth Circuit does not allow the award of attorney's fees that were incurred during the pre-litigation administrative process. (Pl.'s Merits Br. at 20 n.11.) Indeed, Magistrate Judge Hogan confirmed in his Report and Recommendation that the Sixth Circuit expressly held that "ERISA does not permit parties to recover attorney's fees for legal work performed during the administrative phase of a benefits proceeding." (R&R at 11 (citing *Anderson v. Proctor & Gamble Co.*, 220 F.3d 449, 456 (6th Cir. 2000).)

Notably, in Plaintiff's briefing to Magistrate Judge Hogan, Plaintiff attempted to construe the *Anderson* case for the opposite proposition that pre-litigation attorney's fees are allowed. (*See* Pl.'s Reply Mem. in Support of Pl.'s Merits Br. and J. at 8-10.) Much like his use of Mr. Dougherty's deposition transcript, Plaintiff utilized selective and misleading quotations to make his point. In the Report and Recommendation, Magistrate Judge Hogan explained the error in Plaintiff's legal analysis:

> ***Plaintiff's incomplete citation to Anderson is unpersuasive***. *Anderson* explicitly notes that the administrative proceedings for which attorney fees were sought in *Sullivan* occurred *after* suit was filed in Court, not before in the instant case. In *Sullivan*, the administrative proceedings in question were conducted pursuant to a court ordered remand of a Social Security case.

(R&R at 13 (emphasis added).) Apparently conceding the misleading or at least incorrect reliance on *Anderson*, Plaintiff now takes the position that *Anderson* is distinguishable from the facts of this case. (Pl.'s Objections to Magistrate's Report and Recommendation at 17.)

Plaintiff's flip-flop is unavailing, however. In *Anderson*, the Sixth Circuit unambiguously concluded that, "[a]lthough exhaustion of administrative remedies is a prerequisite to seeking judicial review of ERISA claims . . ., exhaustion proceedings are not 'intimately connected' with judicial proceedings in the manner described by the Supreme Court in its decisions awarding costs to parties who prevailed in litigation related to the administrative proceedings for which they were awarded fees." *Anderson*, 220 F.3d at 454-55. In its analysis, the Sixth Circuit analyzed cases from the Ninth Circuit, concluding that "the legislative history of ERISA generally is, however, persuasive as to why § 1132(g)(1) [of ERISA] should not be interpreted to permit fee awards for legal expenses incurred in the course of exhausting administrative remedies." *Anderson*, 220 F.3d at 455.

Plaintiff's suggestion that *Anderson* is somehow distinguishable is not only inconsistent with the position he took before Magistrate Judge Hogan, but is directly contradicted by the Sixth Circuit's conclusive determination that pre-litigation attorney's fees may not be awarded under ERISA. "Moreover, plaintiff has failed to cite to any case within the Sixth Circuit post-*Anderson* where attorney fees have been awarded for administrative proceedings in an ERISA case." (R&R at 13.) Magistrate Judge Hogan correctly denied Plaintiff's request for attorney's fees incurred during the administrative process and the Court should adopt his Report and Recommendation.

**B. Magistrate Judge Hogan Correctly Concluded that Plaintiff Cannot Recover Litigation Fees in this Case.**

As to post-filing attorney's fees,[3] Magistrate Judge Hogan correctly noted that Plaintiff may only recover such fees if Plaintiff can satisfy the five-factor analysis set forth in *Secretary of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985), which are:

1. the degree of the opposing party's culpability or bad faith;
2. the opposing party's ability to satisfy an award of attorney's fees;
3. the deterrent effect of an award on other persons under similar circumstances;
4. whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
5. the relative merits of the parties' positions.

(R&R at 11.) Because no single factor is dispositive, *see Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998), Magistrate Judge Hogan evaluated all of them and concluded that "the only *King* factor favoring plaintiff's request for attorney fees in this matter is defendant's ability to pay a fee award. This factor, in itself, is insufficient to grant an award of fees in this matter." (R&R at 17 (citing *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987).) Magistrate Judge Hogan properly concluded that Plaintiff is not entitled to attorney's fees and the Court should adopt the Report and Recommendation.

[3] For the first time on appeal from Magistrate Judge Hogan's Report and Recommendation, Plaintiff seeks attorneys' fees for each of three distinct periods of time: (1) the time before the Complaint was filed; (2) the time between filing the Complaint and when benefits were approved; and (3) after benefits were approved. Even though Plaintiff did not present Magistrate Judge Hogan with this distinction, Magistrate Judge Hogan's analysis denying Plaintiff attorneys' fees is unaffected by Plaintiff's new argument.

**1. Prudential Has Exhibited No Bad Faith.**

In evaluating Prudential's alleged bad faith or culpability, Magistrate Judge Hogan noted that the relevant inquiry is not Prudential's conduct during the administrative process[4] but rather its conduct during the course of the litigation. (R&R at 13-14 (citing *Schwartz v. Gregori*, 160 F.3d 1116 (6th Cir. 1998).) Although "plaintiff presented no evidence in his briefs to support a finding of bad faith during the litigation," at oral argument, Plaintiff relied on the following litigation conduct as evidence of bad faith:

> defendant's answer to the complaint denying plaintiff was disabled; defendant's answers to interrogatories denying plaintiff was disabled; and then defendant's about-face decision in December 2001 finding plaintiff disabled made only after this lawsuit was filed and based on the same factual record as the previous denials.

(R&R at 14.) In response, "counsel for defendant argued that the third appeal process was not yet complete when plaintiff filed this law suit." (*Id.*) During the administrative process, Plaintiff and his attorney routinely refused to cooperate with Prudential's reasonable requests for medical information so that it could complete its analysis of his claim. Indeed, during his final appeal,

---

[4] Even if the Court were inclined to review Prudential's conduct during the administrative process, Plaintiff has not establshed that Prudential exhibited bad faith. Plaintiff received all relief to which he is entitled and nothing discovered in the last year and a half of litigation provides any basis for further relief under ERISA—much less attorney's fees. Plaintiff does not suggest that Prudential's claim process violates ERISA in any way. Nor does Plaintiff claim that ERISA provides recovery for alleged errors occurring early in the claim process, where the final administrative appeal results in a grant of benefits. Indeed, the cases cited by Plaintiff supporting an award of attorney's fees and a finding of bad faith are limited to situations where benefits were denied. This is not a case in which Plaintiff asks the Court to review a decision to deny benefits or otherwise unfavorable interpretation of Plan terms; to the contrary, Prudential granted and continues to pay long-term disability benefits. As a result, there is no basis for bad faith.

Indeed, Magistrate Judge Hogan concluded that, "while plaintiff make numerous allegations of bad faith cocncerning the processing and methods used to evalutae his disability clam, several are wholly unsupported by any evidence." (R&R at 16.) The only claims based on evidence relate to alleged delay during the administrative process. However, as Magistrate Judge Hogan noted, "plaintiff has presented no legal authority showing that the delay resulting from the pursuit of administrative remedies constitutes bad faith." (R&R at 16.)

Plaintiff refused to provide full and complete information relating to his medical condition. (AR 29, 30). Although Prudential indicated that it could not issue a final decision on his appeal within the sixty-day deadline (October 1, 2001) imposed by ERISA if Plaintiff continued in his refusal to cooperate, Plaintiff made no effort to comply with a simple request for additional medical information. Accordingly, Prudential had an additional sixty days in which to render its decision. *See* 29 C.F.R. § 2560.503-1(h)(4)(i) (2001). Plaintiff obviated the need for this deadline, however, when he prematurely filed this action and thereby failed to exhaust his administrative remedies. Therefore, no adverse inference can be made from Prudential's decision to grant long-term disability benefits after Plaintiff filed suit. As noted by Magistrate Judge Hogan:

> While the parties dispute the reason for the reversal of the decision denying benefits, there is simply insufficient evidence upon which the Court can make a finding of bad faith or a high degree of culpability on the part of defendant in this litigation. It is also worth noting defendant successfully defended against plaintiff's claims of a breach of fiduciary duty and for declaratory relief. Therefore, the defense of these claims cannot be found to have been pursued in bad faith. Accordingly, the first *King* factor weighs in favor of defendant.

(R&R at 15.) This factor weighs in favor of Prudential.

**2. Prudential Could Pay Fees.**

Prudential concedes that it can pay Plaintiff's fees if awarded. As Magistrate Judge Hogan stated, this factor alone is not dispositive. (*See* R&R at 17 (citing *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987).

**3. Award of Fees Would Serve No Valid Deterrent Effect.**

Because Prudential did not act with bad faith or high culpability, Magistrate Judge Hogan concluded that an award of fees to Plaintiff would not act as a deterrent to other plan fiduciaries. Prudential's final resolution of the claim was in Plaintiff's favor. Even if the Court credits certain aspects of Plaintiff's allegations regarding the early portion of the claim process,

Plaintiff's illness is complicated and mysterious. Also, any delay or difficulty was at least partially attributable to Plaintiff's conduct. Under these circumstances, where Plaintiff has received and continues to receive long-term disability benefits, Magistrate Judge Hogan properly concluded that an award of attorney's fees would serve no valid deterrent effect. This factor weighs in favor of Prudential.

**4. There Is No Common Benefit.**

The benefit of an award of attorney's fees is personal to Plaintiff, a point he concedes. (Pl.'s Merits Br. at 23.) Moreover, the unique and difficult nature of Plaintiff's illness defies the conclusion that those any benefit in allowing attorney's fees could be common. As noted by Magistrate Judge Hogan, "plaintiff concedes he did not seek to confer a common benefit on any other participants of the ERISA Plan. Nor did this lawsuit seek to resolve significant ERISA legal questions." (R&R at 17.) Accordingly, this factor weighs in favor of Prudential.

**5. Relative Merits Do Not Support Attorney's Fees.**

The merits of this case favor Prudential. There is no factual or legal basis for a judicial declaration that a claimant is forever and incurably disabled. Because the underlying claim has no merit, the Court should not award attorney's fees. Magistrate Judge Hogan agreed that, "while plaintiff obtained an award of past due disability benefits after this lawsuit was filed, the Court's decisions in this case reveal that plaintiff's litigation positions pursued thereafter were ultimately without merit." (R&R at 17.) Accordingly, this factor weighs in favor of Prudential.

## CONCLUSION

Plaintiff's requested declaration of permanent and incurable disability contradicts the plain terms of the Plan and defies ERISA case law. Magistrate Judge Hogan correctly concluded that Plaintiff has advanced no evidence or legal authority that supports such a re-writing of the Plan. Magistrate Judge Hogan also correctly concluded that the alternative declarations and

attorney's fees sought by Plaintiff should be denied. Because Magistrate Judge Hogan correctly and thoroughly analyzed the legal and factual issues, the Court should adopt the Report and Recommendation.

Dated: December 30, 2003

Respectfully submitted,

s/James R. Cummins
James R. Cummins (Ohio Bar No. 0000861)
Trial Attorney for Defendant
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202
Telephone: 513/381-2375

Edward T. Wahl (Minnesota Bar No. 15409X)
Michael F. Cockson (Minnesota Bar No. 280549)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: 612/766-7000

CERTIFICATE OF SERVICE

I certify that on December 30, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the plaintiff, Michael A. Roberts, Graydon Head & Ritchey LLP.

s/ James R. Cummins
James R. Cummins (Ohio Bar No. 0000861)
Trial Attorney for Defendant

M2:20590674.01